IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| | | |
|---|---|---|
| DONALD EDWARD COOL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-00568-SHR |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

The Court should substitute the United States as the proper party defendant under Federal Rule of Civil Procedure 12(b)(2) and dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. A supporting memorandum of law and proposed order are filed with this motion.

DATE: May 29, 2012.

PETER J. SMITH
United States Attorney

 /s/ Ann E. Nash
ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel: (202) 307-6489
ann.e.nash@usdoj.gov
*Counsel for United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| | | |
|---|---|---|
| DONALD EDWARD COOL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-00568-SHR |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS**

The Court should substitute the United States as the proper party defendant and dismiss the complaint for failure under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6) for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The complaint refers to a document titled "Actual and Constructive Notice Notice of Intent to Rescind" written by Mr. Cool as an apparent contract with the Service, and accuses the Service of breaching the purported contract. The complaint indicates Mr. Cool believes that the Service wants him to work for it, and requests that the Court "order all civil penalties levied against Plaintiff be removed," and that the Court award him $7,000,000 for mental anguish. Complaint at 2. The Service assessed civil penalty taxes pursuant to 26 U.S.C. § 6702 against the Plaintiff for years 2007 and 2009 for filing frivolous tax returns. For the reasons set forth below, the Court should substitute the United States as the defendant, and dismiss the complaint. The Court lacks subject-matter jurisdiction over the plaintiff's damages claim. In the alternative, the plaintiff's damages claim must be dismissed for failure to state a claim upon which relief can be granted.

1

ARGUMENT

1.  <u>The Internal Revenue Service Is Not a Proper Party Defendant to This Case</u>.

The Plaintiff filed the complaint against the Internal Revenue Service. The only proper defendant in a wrongful collection action is the United States. <u>See</u> 26 U.S.C. § 7433(a). <u>See also Hassell v. United States</u>, 203 F.R.D. 241, 244 (N.D. Tex. 1999). The Court should substitute the United States as the proper party defendant and dismiss the Internal Revenue Service.

2.  <u>This Court Must Dismiss the Damages Claim for Lack of Subject-Matter Jurisdiction, or, in the Alternative, for Failure to State a Claim upon Which Relief Can be Granted</u>

The Plaintiff purports to state a claim for damages against the United States. Section 7433 is a limited waiver of the United States' sovereign immunity and allows taxpayers to sue for unlawful collection practices. Before initiating a suit under Section 7433 the taxpayer must exhaust administrative remedies as required by Section 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); 26 C.F.R. § 301.7433-1 (establishing the administrative requirements with which an aggrieved taxpayer must comply before filing suit). The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under Section 7433. <u>See</u> 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).

The exhaustion requirement is jurisdictional, and the party bringing suit under Section 7433 must show that he has exhausted administrative remedies.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994).  Because the Plaintiff has not met his burden to prove exhaustion of administrative remedies, the Court should dismiss the complaint for lack of jurisdiction.

In the alternative, the Plaintiff's Section 7433 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to his failure to state a claim upon which relief can be granted.  Section 7433 allows taxpayers to recover damages if an officer or employee of the IRS "recklessly or intentionally, or by reason of negligence disregards any provision [in the Internal Revenue Code]."  26 U.S.C. § 7433.  A review of the complaint shows the Plaintiff fails to allege any unlawful collection activity by the Service.

    3.    <u>Plaintiff's Requests for Declaratory Relief and Injunctive Relief Are Barred by Declaratory Judgment Act and the Anti-Injunction Act</u>

To the extent the Court could interpret the complaint as requesting injunctive or declaratory relief, those claims are barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act, 26 U.S.C. § 7421.  The Declaratory Judgment Act preserves the United States' immunity from declaratory relief with respect to all tax controversies except those pertaining to the classification of organizations under the Internal Revenue Code.  The

Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax."  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to The Anti-Injunction Act, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the Plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).  The Plaintiff cannot demonstrate that under the circumstances of this case, the Government could never prevail.  The Plaintiff also fails to allege the existence of equitable jurisdiction.  He must show that there is irreparable injury and inadequacy of legal remedies.  See Flynn, 766 F.2d at 598.  In certain situations, the Plaintiff can temporarily forestall collection by requesting a "collection due process hearing" with the Internal Revenue Service, see 26 U.S.C. § 6330, or he could fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, he has an adequate remedy at law, and there is no equitable jurisdiction.  Accordingly, this case fails the second prong of the Enochs test.

**CONCLUSION**

This Court does not have subject-matter jurisdiction over the Plaintiff's unlawful collection claim. In the alternative, the Plaintiff's unlawful collection claim must be dismissed for failure to state a claim upon which relief may be granted. To the extent the complaint could be construed to request declaratory or injunctive relief, those claims are barred. The Plaintiff cannot obtain declaratory relief with respect to federal taxes, and the Anti-Injunction Act prohibits an injunction against the collection of the Plaintiff's taxes.

DATE: May 29, 2012.

                                                                             PETER J. SMITH
United States Attorney

/s/ Ann E. Nash
ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel: (202) 307-6489
ann.e.nash@usdoj.gov
*Counsel for United States*

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2012, a copy of the "United States' Motion to Dismiss" was mailed, postage prepaid, to:

        Donald Edward Cool, *pro se*
        6879 Lineboro Road, Apt. 1
        Glen Rock, PA 17327

                                      s/ Ann Nash
                                      ANN E. NASH