IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DONALD EDWARD COOL,**        :        **Civil No. 1:12-CV-00568**

     **Plaintiff**        :

     **v.**        :        **JUDGE SYLVIA H. RAMBO**

**UNITED STATES OF AMERICA,**        :

     **Defendant**        :

## M E M O R A N D U M

In this civil action arising out of civil penalty taxes assessed by the Internal Revenue Service pursuant to 26 U.S.C. § 6702, Plaintiff has sued the United States of America (incorrectly identified by Plaintiff as the Internal Revenue Service) for causing him mental anguish due to the Internal Revenue Service's breach of an alleged agreement. Presently before the court is Defendant's motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the reasons stated below, Defendant's motion will be granted.

## I.        **Background**

### A.        **Procedural History**

Proceeding in this matter *pro se*, Plaintiff, Donald Edward Cool, filed his complaint commencing this civil action on March 29, 2012. (Doc. 1.) Pursuant to this court's March 30, 2012 order granting Plaintiff's motion for leave to proceed in forma pauperis (Doc. 5), the Clerk of Courts issued a Summons to the named Defendant, the "United States Treasury - Internal Revenue Service," the receipt of which was acknowledged by the United States Attorney for the Middle District of Pennsylvania on April 2, 2012 (Doc. 6). On May 29, 2012, Defendant filed its

motion to dismiss (Doc. 8) and brief in support (Doc. 9), which Plaintiff responded to on June 7, 2012 (Doc. 10).[1]   On July 5, 2012, Defendant timely filed a reply brief. (Doc. 14.)  Thus, the parties have briefed the issues, and the matter is ripe for disposition.

### B.   Facts[2]

In his complaint, Plaintiff alleges that the Internal Revenue Service ("IRS") caused him mental anguish by assessing against him civil penalties in response to his filing frivolous tax returns for 2007 and 2009.  (Doc. 1.)  Plaintiff alleges that he and the IRS entered into an agreement on August 5, 2011.  (*Id*.)  The alleged agreement,[3] which was attached to the complaint and incorporated therein as Exhibit A, is a handwritten document signed only by Plaintiff that was dated August 5, 2011, and titled "Actual and Constructive Notice Notice of Intent To Recind [sic]" ("Actual and Constructive Notice").  The substance of the document provides, in its entirety, as follows:

---

[1] Plaintiff titled his response as "Motion for Summary Judgment." (Doc. 10.)  On June 21, 2012, the United States filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment.  (Doc. 11.)  It appearing that Plaintiff had not filed a response to Defendant's motion to dismiss and that Plaintiff's "Motion for Summary Judgment" addressed the issues raised in Defendant's Motion To Dismiss, the court issued an order on June 21, 2012, that deemed Plaintiff's motion to be a brief in opposition to Defendant's Motion To Dismiss, and ordered Defendant to file a reply brief by July 5, 2012.  (Doc. 12.)  For the purposes of simplicity, Plaintiff's "Motion for Summary Judgment" will be referenced as Plaintiff's Response.

[2] Although Plaintiff's complaint is not a model of clarity, the court has carefully reviewed the complaint and will, as required when deciding a motion to dismiss, accept as true all well-pleaded factual allegations contained therein.

[3] In his response to Defendant's motion to dismiss, Plaintiff explains that the document attached to his complaint at Exhibit A is not the agreement itself, but rather the "fruit" of the agreement, with the actual agreement between the parties being a verbal agreement.  (Doc. 10, at ¶ 1.7.)  Plaintiff's characterization of the document has no bearing on the court's disposition of the instant motion.

> NOTICE- While the undersigned was incarcerated the undersigned came under the understanding that it was ok and proper to file taxes on inmate income. The undersigned did so for 2007, 2008, 2009 and 2010 in good faith and clean hands under this understanding. On August 4th 2010 the undersigned came to the new understanding that such filings are frivolous. The undersigned herein recinds [sic] and releases any and all claims to any and all refunds for 2007, 2008, 2009 and 2010, to avoid any and all penalties, fines, costs, etc. from the I.R.S.

(Doc. 1, at Ex. A.)

Plaintiff alleges that Defendant breached said agreement when the IRS imposed a civil penalty tax in the amount of $5,000.00.[4] (Doc. 1, at ¶ 3; Ex. B ("March 1, 2012 Letter").) The assessment of the civil tax penalty against Plaintiff was in response to a claim, filed by Plaintiff for the tax period ending on December 31, 2009, that the IRS had deemed "frivolous," and which Plaintiff did not rescind or submit a valid return, although he was apparently given the option to do so pursuant to a "3176C letter." (*See* Doc. 1, Ex. B.) In his response to Defendant's motion to dismiss, Plaintiff submitted a document dated May 14, 2012, from the IRS, which gave Plaintiff notice of the agency's intent to levy his property to satisfy the tax. (Doc. 10, "Notice of Intent to Levy.")

Plaintiff's complaint alleges that he is "full of mental anguish" due to the assessment of the penalty and levy thereon. (Doc. 1, at ¶ 3.) Additionally, Plaintiff asks for clarification as to whether the United States Treasury is "seeking to

---

[4] Pursuant to 26 U.S.C. § 6702, the IRS may impose a civil penalty in the amount of $5,000.00 against any taxpayer who files a purported income tax return which either (1) does not contain information on which the substantial correctness of the "self-assessment" can be judged, or (2) "contains information that on its face indicates that the self-assessment is substantially incorrect" and based upon "a position which is frivolous." 26 U.S.C. § 6702(a). Subject to the provisions of the tax code, the IRS may begin collection activity once it has assessed a penalty pursuant to § 6702. Permissible collection activities include filing liens and levies against an individual's property.

purchase Secured Creditor's Superior Title" and questions the basis for "Agents of the Internal Revenue Service ask[ing] plaintiff to consider coming to work for [the IRS]."  (*Id.*)  In his prayer for relief, Plaintiff requests the court to: (1) remove all civil penalties assessed against him; (2) order Plaintiff's accounts, presumably with the IRS, be adjusted to zero; and (3) award to him damages in the amount of $7 million for "mental anguish."[5]  (*Id.*, at ¶ 4.)

Plaintiff also attaches to the complaint a document titled "Non-Negotiable Private Bond for Setoff,"[6] and a copy of a handwritten letter addressed to "Internal Revenue Service, Office of the Commissioner" in Washington, D.C., that purports to have been mailed on or about March 22, 2012 ("March 22, 2012 Letter"). (*Id.*, Ex. C.)  Apparently, Plaintiff's letter[7] was sent for the purpose of putting the IRS on notice that Plaintiff intended to file a lawsuit in response to the IRS's actions, and that the actions complained of constituted a breach of an agreement, presumably

---

[5] At the outset, the court notes that Plaintiff's demand for $7,000,000.00 is far in excess of statutory limitations.  *See* 26 U.S.C. § 7433(b).

[6] The significance attributed to this attachment is not clear from the record.  It is neither referenced in Plaintiff's complaint, nor marked as a separate exhibit.

[7] The March 22, 2012 letter provides as follows:

> 1) Notice is hereby given of the intent of the undersigned to file suit against the Internal Revenue Service due to the Internal Revenue Service's actions against the undersigned by levying a total of $10,000.00 in alleged Frivolous tax filing(s) 2009 and 2007 respectfully.  This civil action that is forthcoming and all parties will be notified to dates as they may come about, and within The United States Middle District Court in Harrisburg, PA.
> 2) Notice is hereby given to the Internal Revenue Service that levying such civil penalties against the undersigned impairs, nullifys [sic] and or breaches the agreement entered into between the undersigned and the Internal Revenue Service on or about August 4, 2011. Entitled the undersigned to remedy both public and private.

(Doc. 1, Ex. C.)

the "agreement" set forth at Exhibit A.  (*Id.*; *see also* Doc. 1, Ex. A.)  Based upon a fair reading of Plaintiff's complaint, and construing the pleading in a liberal manner "as to do justice" as required by Federal Rule of Civil Procedure 8(e), the court interprets Plaintiff's claim to be one arising out of the allegedly improper collection practices of a federal tax by the Internal Revenue Service, a cause of action cognizable under 26 U.S.C. § 7433.[8]  This characterization is consistent with Defendant's motion to dismiss (Doc. 9 (characterizing Plaintiff's cause of action as one arising  26 U.S.C. § 7433)) and Plaintiff's response thereto (Doc. 10), which neither clearly refuted Defendant's characterization of his claim nor presented an alternative cause of action upon which his claim arose.  Instead, Plaintiff's response ultimately supported a cause of action arising under Section 7433 by "clarifying" that Defendant has "harassed, intimidated and or threatened the Plaintiff's bank accounts, wages and property" in connection with the imposition of the civil penalty tax.  (*See id.*, at ¶ 1.8.)

## II.       Legal Standard

Defendant's motion to dismiss argues that the court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies, or alternatively, that Plaintiff's *pro se* complaint fails to state a claim upon which relief can be granted.  Failure of a plaintiff to exhaust administrative remedies pursuant to

---

[8]  To the extent that Plaintiff intended his allegations of Defendant's "harass[ing], intimidat[ing,] and threaten[ing]" conduct (Doc. 10, at ¶1.8) to be construed by the court as a basis for a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, ("FTCA") as discussed *infra*, such a claim is subject to the limitations and exclusions set forth by Congress.  Based upon the allegations set forth in Plaintiff's complaint and clarified by way of his response, a claim pursuant to the FTCA for the actions associated with the assessment and collection of a tax is not a viable cause of action.  *See* 28 U.S.C. § 2680(c).

26 U.S.C. § 7433(d)(1) has been treated as both a jurisdictional bar to a district court's subject matter jurisdiction, *see, e.g., Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Shearin v. United States*, 193 F. App'x 135, 137 (3d Cir. 2006); *Kenny v. United States*, 2009 U.S. Dist. LEXIS 8322, *16-19 (D.N.J. 2009) (citing *Venen*, 38 F.3d at 103), as well as a substantive element to a cause of action under 26 U.S.C. § 7433(a), *see, e.g., Stuler v. United States*, 2008 U.S. Dist. LEXIS 30879, *6 n. 2 (W.D. Pa. Apr. 8, 2008) (resolving the matter pursuant to 12(b)(6) and noting that the "exhaustion of [administrative] remedies are generally more appropriately addressed under Rule 12(b)(6) than 12(b)(1)") (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999)), *aff'd* 301 F. App'x 104, 106-07 (3d Cir. 2008) (affirming District Court's order of dismissal, but noting that plaintiff's failure to allege the exhaustion of administrative remedies deprived the lower court of jurisdiction to consider a § 7433 claim); *Chocallo v. IRS Dep't of the Treasury*, 2007 U.S. Dist. LEXIS 52145, *11 (E.D. Pa. July 16, 2007) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)) (treating the exhaustion requirement as a substantive element of the claim), *aff'd in part, vacated in part sub nom Chocallo v. United States*, 299 F. App'x 112, 116 n. 6 (3d Cir. 2008) (noting district court's reliance on *Arbaugh* rather than *Venen*, but declining to revisit issue of whether exhaustion requirement is jurisdictional in nature).  For the reasons that follow, Plaintiff's complaint must be dismissed under either analysis.

### A.     *Pro Se* **Complaint**

*Pro se* complaints are held to less-stringent requirements than are formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Fischer v. Cahill*, 474 F.2d 991, 993 (3d Cir. 1973); *Pugh v. IRS*, 472 F.

Supp. 350, 351 (E.D. Pa. 1979).  However, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 505 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Accordingly, a most sympathetic reading of Plaintiff's complaint is that the IRS engaged in improper assessment and collection practices in relation to a civil tax penalty assessed against Plaintiff in response to his filing of frivolous tax return claims.  In addition,  Plaintiff claims that he has suffered injury due to the tortious conduct of the IRS, and requests monetary damages and injunctive relief.  The viability of his claims will be discussed in turn below.

### B.    Motion To Dismiss Pursuant to Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)).  When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

There are two types of Rule 12(b)(1) motions.  A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Petruska*, 462 F.3d at 302 n.3; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000).  A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. *Mortensen*, 549 F.2d at 891.  The motion

should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper. *Id.*; *Carpet Grp.*, 227 F.3d at 69.

The second form of a Rule 12(b)(1) motion is a "factual attack," which argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue, thereby causing the matter to fall outside the court's jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual attack, the court must evaluate the merits of the disputed allegations, because "the trial court's . . . very power to hear the case" is at issue. *Id.*; *Carpet Grp.*, 227 F.3d at 69; *Kenny*, 2009 U.S. Dist. LEXIS 8322 at *5-6 (citing *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) ([I]n making its determination, the court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction).

In short, on a facial attack, the allegations of the complaint are "taken as true." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D. N.J. 1999). In a motion attacking the factual existence of subject matter jurisdiction, however, "no presumptive truthfulness attaches to the allegations in the complaint." *Id.*

## C.    Motion To Dismiss Pursuant to Rule 12(b)(6)

When adjudicating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff, and it must grant the plaintiff the benefit of all inferences that can be derived from those facts. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.

*See Reuben v. U.S. Airways, Inc.*, 2012 U.S. App. LEXIS 20598, *3-4 (3d Cir. Oct. 3, 2012) ("A complaint offering labels and conclusions or a formulaic recitation of the elements of a cause of action does not suffice"); *Holmes v. Gates*, 403 F. App'x 670, 673 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").  The court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the court may take judicial notice.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matter of public record"); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Ultimately, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Holmes*, 403 F. App'x at 672 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The "plausibility standard" requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct.  *Reuben*, 2012 U.S. App. LEXIS 20598, at *4 (citing *Iqbal*, 556 U.S. at 678).  The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts."  *Id.* (citations omitted).  As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original).  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.        Discussion

In its motion to dismiss, Defendant argues (1) that the IRS is not a proper defendant and therefore the court should substitute the United States as the proper party defendant and dismiss the IRS from the matter; and (2) that the court must dismiss Plaintiff's claim for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust administrative remedies, or alternatively, dismiss the complaint for failure to state a claim upon which relief may be granted.  (Doc. 9.) Plaintiff argues in response that (1) the IRS is not an agency of the United States (Doc. 10, at ¶¶ 1.1, 1.3); and (2) his claims are "procedurally proper and in accordance with the Uniform Commercial Code and the Fair Debt Collections Practices Act" (*Id*., at ¶1.6).  The court will first address whether Plaintiff has correctly identified the IRS as the proper defendant before addressing Defendant's motion to dismiss.

### A.        IRS as Improper Party

Preliminarily, the court must address whether the IRS is the proper defendant in this action.  Defendant argues that the only proper defendant in a wrongful collection action is the United States.[9]  In response, Plaintiff argues that the IRS is not an agency of the United States, and therefore, is the proper party defendant and does not benefit from sovereign immunity.

---

[9] Defendant's request to substitute the United States for the IRS is asserted pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 8.) ("The Court should substitute the United States as the proper party defendant under [Fed.R.Civ.P. 12(b)(2)]").

An agency of the United States government cannot be sued in its own name without express congressional authorization. *See Anselma Crossing v. United States Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011). Unless sovereign immunity has been waived, it is well-settled that the United States is immune from suit. *See, e.g., Treasurer of N.J. v. United States Dep't of the Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The IRS enjoys sovereign immunity as an agency of the United States unless that immunity has been waived by Congress. *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *Martin v. Logan*, 2006 U.S. Dist. LEXIS 5320, *8 (D.N.J. Jan. 20, 2006). Plaintiff has cited no authority suggesting that Congress has authorized the IRS to be sued, in its own name, in federal court. The court, likewise, has found nothing to support such a position. *See Poltonowicz*, 47 F.3d at 94 (the IRS, as an agency of the United States, is shielded from private actions unless sovereign immunity has been waived in unequivocally expressed terms). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *Id.* (citing *United States v. Idaho ex rel. Dep't of Water Res.*, 508 U.S. 1, 7 (1993) ("any . . . waiver [of sovereign immunity] must be strictly construed in favor of the United States")).

Plaintiff alleges that agents of the IRS "harassed, intimidated and or threatened the Plaintiff's bank accounts, wages, and property." (Doc. 10, at ¶ 1.8.) On its face, the complaint contains allegations that sound in tort. The Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* ("FTCA"), waives the United States'

sovereign immunity with respect to tort claims arising out of wrongful acts of federal employees while acting within the scope of their office.  Although the FTCA permits claims against the United States, this does not apply to agencies.  *See* 28 U.S.C. § 2679.  Thus, in the instant matter, the IRS is not the proper defendant, and the United States must be substituted in its place.  *See* 26 U.S.C. § 7433 (a civil action *against the United States* shall be the "exclusive remedy" for recovering damages from the intentional, reckless, or negligent actions of the IRS in connection with any collection of federal tax).

### B.    Federal Tort Claims Act

Taxpayers, such as Plaintiff, cannot sue the United States under the FTCA for damages with respect to the assessment and collection of taxes.[10]  28 U.S.C. § 2680(c); *Lichtman v. United States*, 316 F. App'x 116, 120 (3d Cir. 2008) (finding that claims against the United States arising from the assessment or collection of any tax are barred from suit); *Asemani v. Internal Revenue Serv.*, 163 F. App'x 102, 105 (3d Cir. 2006) (holding that an action against United States regarding an alleged improper rejection of an offer-in-compromise fell within the FTCA and, thus, was barred by sovereign immunity).  Indeed, a suit based on the assessment or collection of taxes is expressly excluded from the FTCA's waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(c); *see also Lichtman*, 316 F. App'x at 120 ("The FTCA does not apply to any 'claim arising in respect of the assessment or collection of any tax'"); *Pugh v. Internal Revenue Serv.*, 472 F. Supp. 350, 352 (E.D.

---

[10] Furthermore, the FTCA requires, as a prerequisite to filing suit, that an action in tort against the government first be presented to the appropriate federal agency.  28 U.S.C. § 2675.  As discussed, *infra*, there is no indication that Plaintiff properly presented his claim to any agency.

Pa. 1979).  Instead, Section 7433 provides a basis for an action arising out of actions of the IRS connected to the assessment and collection of taxes.

Here, Defendant's alleged conduct arises in respect of the assessment and collection of a civil penalty tax, and is, therefore, barred from suit under the FTCA.  Accordingly, Plaintiff's claim against the United States cannot be asserted under the FTCA, but may most appropriately be asserted as one for wrongful collection practices by employees of the IRS under 26 U.S.C. § 7433(a).

## C.   26 U.S.C. § 7433

Interpreting Plaintiff's complaint as asserting a claim for wrongful collection practices under Section 7433, Defendant next contends that the court lacks jurisdiction to entertain Plaintiff's claim, or alternatively, that Plaintiff's complaint fails to state a claim upon which relief can be granted, both as a result from Plaintiff's failure to exhaust administrative remedies.  (Doc. 9.)  In response, Plaintiff cites to his document titled "Actual and Constructive Notice" (Doc. 1, at Ex. A) and the March 22, 2012 Letter (Doc. 1, at Ex. C), and argues that his claims are procedurally proper under the "Uniform Commercial Code and Fair Debt Collections [Practices] Act."[11]  (Doc. 10, at ¶ 1.6.)  After a thorough review of Plaintiff's complaint and the documents referenced therein, the court determines that

---

[11] The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, does not contain a waiver of sovereign immunity for suits against the United States.  In this regard, the court notes that the FDCPA was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  However, the FDCPA's definition of the term "debt collector" specifically excludes federal employees who are acting in their official capacities collecting a debt.  *See* 15 U.S.C. § 1692a(6)(C).  Further, taxes are not debts within the meaning of the FDCPA.  *See Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980).  Therefore, the FDCPA cannot serve as the basis for any waiver of sovereign immunity for this action, and sovereign immunity would bar Plaintiff's claims.

Plaintiff's claim is most properly asserted under 26 U.S.C. § 7433(a), and that

Plaintiff has failed to exhaust his administrative remedies as required under that

Section.

Section 7433 permits taxpayers to sue the United States for damages in

certain circumstances.  It provides, in pertinent part, as follows:

> In General - If, in connection with any collection of Federal
> tax with respect to a taxpayer, any officer or employee of
> the Internal Revenue Service recklessly or intentionally, or
> by reason of negligence, disregards any provision of this
> title, or any regulation promulgated under this title, such
> taxpayer may bring a civil action for damages against the
> United States in a district court of the United States. Except
> as provided in [26 U.S.C. § 7432], *such civil action shall be*
> *the exclusive remedy for recovering damages resulting from*
> *such actions.*

26 U.S.C. § 7433(a) (emphasis supplied).  Before bringing an action in a federal

district court under Section 7433, a plaintiff must exhaust certain administrative

remedies set forth in the Code of Federal Regulations.  *See* 26 U.S.C. § 7433(d)(1)

("A judgment for damages shall not be awarded . . . unless the court determines that

the plaintiff has exhausted the administrative remedies available to such plaintiff

within the Internal Revenue Service"); 26 C.F.R. § 301.7433-1(d) ("No civil action in

federal district court prior to filing an administrative claim").  The Secretary of the

Treasury has promulgated regulations governing the administrative claim procedure

for damages under Section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations

provide that, prior to filing a Section 7433 suit, the taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and must include all of the following within the claim: (1) the contact

and identification information for the taxpayer; (2) the grounds for the claim; (3) a

description of the injuries incurred by the taxpayer; (4) the dollar amount of the

claim, including any damages not yet incurred but that are reasonably foreseeable; and (5) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1)-(2).  The Third Circuit Court of Appeals and district courts within the Third Circuit have held that failure to exhaust administrative remedies deprives the court of jurisdiction.  *See Venen*, 38 F.3d at 103; *Shearin*, 193 F. App'x at 137; *see also Stuler*, 301 F. App'x at 106.

The documents submitted by Plaintiff as evidence of his assertion that "Plaintiff's claim(s) are/is procedurally proper and in accordance with the Uniform Commercial Code and the Fair Debt Collections Procedure Act" (Doc. 10, ¶ 1.6), do not support the conclusion that Plaintiff exhausted the administrative remedies set forth in the Code of Federal Regulations.  Indeed, Plaintiff neither alleges nor argues that the applicable administrative remedies have been exhausted.  Instead, Plaintiff directs the court's attention to the "Actual and Constructive Notice" and "March 22, 2012 Letter."  Neither document is addressed to the area director in the district in which the Plaintiff lives, 26 C.F.R. § 301.7433-1(e)(1), nor contains the grounds for Plaintiff's claim, 26 C.F.R. § 301.7433-1(e)(2)(ii), the description of injuries incurred by Plaintiff, 26 C.F.R. § 301.7433-1(e)(2)(iii), or the dollar amount of Plaintiff's claim, 26 C.F.R. § 301.7433-1(e)(2)(iv).  Accordingly, Plaintiff has not shown that he has properly exhausted his administrative remedies nor that his claim is, in fact, procedurally proper.

Additionally, the regulations prohibit the court from entertaining a claim for a sum in excess of the dollar amount sought in the administrative claim.  26 C.F.R. § 301.7433-1(f); *see also* 26 U.S.C. § 7433(b) (setting statutory limitations on damages to $1,000,000.00 for reckless or intentional conduct or $100,000.00 in the

case of negligence).  Here, Plaintiff's claim for $7,000,000.00 is brought in this court

for the first time, and therefore can reasonably be considered "in excess of the

amount first asserted in the administrative claim."  Lastly, to the extent Plaintiff is

claiming punitive damages, the court notes that Section 2674 of the FTCA

specifically prohibits an action for punitive damages against the United States.  *See*

28 U.S.C. § 2674.

        In short, Plaintiff's complaint fails to show, other than by a conclusory

assertion referencing an improper statutory authority, that his administrative remedies

have been exhausted.  Based on this scant record, the court is unable to determine that

Plaintiff has met his burden of showing he has exhausted his administrative remedies,

and therefore, pursuant to 26 U.S.C. § 7433(d)(1), is unable to award a judgment for

damages.  Plaintiff's failure to show, or even allege, exhaustion of the applicable

administrative remedies is fatal to his claim, either due to this court's lack of subject

matter jurisdiction over the claim, or due to Plaintiff's failure to show an essential

substantive element of a wrongful collection action.[12]

---

[12] Relying on *Venen*, 38 F.3d at 103, Defendant initially argues that the exhaustion
requirement is jurisdictional in nature, and that Plaintiff's failure to show that he has exhausted
administrative remedies deprives the court of subject matter jurisdiction. (Doc. 9.)  Courts in this circuit
have treated failure to exhaust administrative remedies under this section as fatal to the claim. In *Venen*,
the Third Circuit Court of Appeals unequivocally characterized the exhaustion requirement as
jurisdictional.  *Venen*, 38 F.3d at 103.  In *Arbaugh*, a case decided over a decade after *Venen*, a
unanimous Supreme Court distinguished prerequisites that are genuinely jurisdictional from those which
are not jurisdictional barriers, but instead constituted an "ingredient of . . . [the] claim for relief."
*Arbaugh*, 546 U.S. at 503 (determining that Title VII's numerosity requirement was a substantive
element of a Title VII claim).  While not directly addressing the statute implicated in the matter *sub
judice*, *Arbaugh* directed courts to look directly at the text of the statute to determine if exhaustion of
administrative remedies imposes a jurisdictional prerequisite or substantive element.  *Id.* at 511.  The
Court held:

      If the Legislature clearly states that a threshold limitation on a statute's scope
      shall count as jurisdictional, then courts and litigants will be duly instructed and
                                 (continued...)

Although Plaintiff's failure to show exhaustion of administrative remedies, standing alone, requires dismissal of the complaint, the court additionally notes that the complaint otherwise fails to state a claim upon which relief may be granted as to a claim for unlawful collection actions. The only allegation Plaintiff makes of any wrongful collection activity is his claim that the IRS's imposition of the levy to satisfy the assessment of the civil penalty tax breached an agreement. The Internal Revenue Code expressly authorizes the imposition of a levy to satisfy an unpaid tax. *See* 26 U.S.C. § 6330. Plaintiff's complaint does not plead whether the assessment of the civil tax penalty or imposition of the levy was done with an

---

(...continued)
will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515-16  Following *Arbaugh*, courts have treated the exhaustion requirement in 26 U.S.C. § 7433 either as jurisdictional or non-jurisdictional in nature. *See, e.g., Lindsey v. United States*, 448 F. Supp. 2d 37, 52-54 (D. D.C. 2006) (holding that Section 7433(d)(1) does not create a jurisdictional barrier to suit because the section does not state "in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision," but dismissing the Section 7433 claim pursuant to 12(b)(6) due to failure to exhaust); *Speelman v. United States*, 461 F. Supp. 2d 71, 74 (D. D.C. 2006) (concluding that, in an action for damages under 26 U.S.C. § 7433, failure to exhaust administrative remedies is properly raised through a motion to dismiss for failure to state a claim, not for lack of subject matter jurisdiction); *but see Stephens v. United States*, 437 F. Supp. 2d 106, 108-09 (D. D.C. 2006) (citing *Venen*, 38 F.3d at 103, for the proposition that "[f]ailure to comply with [26 C.F.R. § 301.7433-1(e)(1)] deprives the federal district court of jurisdiction").
In a non-precedential case decided after *Arbaugh*, the Third Circuit Court of Appeals affirmed the district court's granting of the defendant's motion for summary judgment on the plaintiff's 7433 claim due to the plaintiff's failure to exhaust administrative remedies. *Chocallo v. United States*, 299 F. App'x 112, 116 (3d Cir. 2008), *aff'g in part, vacating in part sub nom Chocallo v. IRS*, 2008 U.S. Dist. LEXIS 203 (E.D. Pa. Jan. 3, 2008) (incorporating prior order by reference, *Chocallo v. IRS Dep't of the Treasury*, 2007 U.S. Dist. LEXIS 52145 (E.D. Pa. July 17, 2007)). The *Chocallo* Court noted the district court's reliance on *Arbaugh* in its conclusion that the exhaustion requirement is a substantive element of a cause of action arising out of Section 7433 rather than a jurisdictional prerequisite. *Id.* at 116 n. 6. However, the court declined to revisit the issue of whether the exhaustion requirement is jurisdictional or substantive in nature, as the "District Court's ruling was clearly correct under either approach." *Id.*

intentional, reckless, or negligent disregard for the provisions of the Tax Code, as otherwise required for a claim under Section 7433. In short, dismissal is appropriate pursuant to either Rule 12(b)(1) or 12(b)(6).

### D. Injunctive or Declaratory Relief

In addition to monetary relief, Plaintiff requests the court to "order all civil penalties levied against Plaintiff be removed, [and] all accounts [be] adjusted to zero." (Doc. 1, at ¶ 4.) To the extent Plaintiff is requesting injunctive relief, the tax code contains a general prohibition against such types of actions. *See* 26 U.S.C. § 7421. Specifically, the anti-injunction statute provides that "no suit for the purpose of *restraining the assessment or collection of any tax* shall be maintained in any court by any person." 26 U.S.C. § 7421(a) (emphasis supplied). While there are several exceptions to the general rule, none are applicable here.[13] Consequently, to the extent that Plaintiff seeks an injunction against the IRS which would interfere with the government's "assessment or collection of a civil penalty tax," the court does not have jurisdiction to grant such relief, and the complaint must therefore be dismissed.

Plaintiff's complaint must similarly be dismissed to the extent Plaintiff seeks declaratory relief as to the validity of the tax assessments. Congress has

---

[13] The Anti-Injunction Act sets forth limited statutory exceptions to the general prohibition against a district court's restraining the collection or assessment of a tax. *See* 26 U.S.C. § 7421(a). A taxpayer may also seek an injunction pursuant to the "judicial exception" to the Anti-Injunction Act, which permits a taxpayer to seek an injunction in a district court barring the collection of taxes if the taxpayer is able to demonstrate that: (1) "under the most liberal view of the law and the facts, the United States cannot establish [the merits of] its claim," and (2) he or she will suffer irreparable injury without injunctive relief. *Zarra v. United States*, 254 F. App'x 931, 933 (3d Cir. 2007) (alteration in original) (citing *Enochs v. Williams Packing & Nav. Co., Inc.*, 370 U.S. 1, 7 (1962)). The taxpayer's burden under the judicial exception is "very substantial." *Id.* (citing *Flynn v. United States ex rel. Eggers*, 786 F.2d 586, 591 (3d Cir. 1986)). The taxpayer's failure to establish either a statutory or judicial exception to the Anti-Injunction Act deprives the district court of jurisdiction to grant injunctive relief. *Id.*. (citing *Williams Packing*, 370 U.S. at 7). Plaintiff has not demonstrated that he is entitled to a statutory or judicial exception.

preserved the immunity of the United States (and the IRS) from declaratory relief with respect to all tax controversies except those pertaining to the classification of organizations under the Internal Revenue Code. *See* 28 U.S.C. § 2201(a); *see also Connor v. United States*, 2005 U.S. Dist. LEXIS 40170 (D. Del. Dec. 13, 2005) (tax exception in Section 2201(a) precluded the court from declaring that the plaintiff was not a taxpayer). It is axiomatic that, "absent a waiver, sovereign immunity shields the [United States] and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Any suit against the United States or its agencies, including the IRS, therefore, must be within the boundaries consented to by the United States. Section 2201(a) makes it clear that the government has not consented to being sued for declaratory relief with respect to federal taxes except in limited circumstances, none of which are implicated here. Based on the facts as alleged in Plaintiff's complaint, the court does not have jurisdiction to grant declaratory relief.

Accordingly, the court is without jurisdiction to grant declaratory or injunctive relief in the nature of removing the civil tax penalties or levies or ordering the IRS to adjust to zero Plaintiff's outstanding tax accounts.

### E.   Leave To Amend

While the grant or denial of leave to amend a complaint is generally a matter committed to the sound discretion of the trial court, *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993), the Third Circuit has adopted a particularly liberal approach to the amendment of pleadings to ensure that a "particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *Foman v. Davis*, 371

U.S. 178, 182 (1962); *see also Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

The court does not find, nor does Defendant allege, that Plaintiff's deficient complaint was a product of bad faith. The court cannot conclude that the possibility of Plaintiff asserting a proper claim pursuant to Section 7433 is necessarily foreclosed, and thus, granting Plaintiff leave to amend his complaint cannot be considered futile. Furthermore, there is no indication that dismissing the complaint without prejudice would result in undue delay or prejudice to Defendant. Therefore, in consideration of the foregoing factors, the liberal pleading requirements under Rule 8, and the less-stringent requirements afforded to *pro se* plaintiffs, the court's dismissal of Plaintiff's complaint will be without prejudice.

## IV.        Conclusion

The United States is the proper defendant in this matter. The FTCA excludes from its waiver of the United States's sovereign immunity any claim, like Plaintiff's claim here, that arises in respect of the assessment or collection of any tax. 28 U.S.C. § 2680(c). Accordingly, to the extent that Plaintiff's claim arises under the FTCA, the claim is barred by sovereign immunity.

Interpreting Plaintiff's claim as asserted pursuant to 26 U.S.C. § 7433, dismissal is required as a result of Plaintiff's failure to demonstrate his exhaustion of the applicable administrative remedies. *See* 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(d). The dismissal will be without prejudice to allow Plaintiff to exhaust his administrative remedies and pursue judicial review in the appropriate forum, and file an amended complaint at the appropriate time.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  October 15, 2012.